UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAULTYN JAMES COMPARATO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:21 CV 448 MTS |
| ANN PRECYTHE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented plaintiff Daultyn Comparato's amended complaint. Doc. [9]. For the following reasons, the Court will order service of process on defendant Correctional Officers Pierce, Conrad, Jones and S. Smith. The Court will dismiss without prejudice plaintiff's claims brought against Sergeant Morgan and Correctional Officer K. Crippen.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Background

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights arising out of several incidents with correctional officers at Potosi Correctional Center ("PCC"). Plaintiff alleges that from May 1, 2020, until his transfer from PCC to Southeast Correctional Center on December 4, 2020, he was harassed, assaulted, abused, and neglected at PCC.

After conducting an initial review of plaintiff's complaint, the Court allowed plaintiff to amend his complaint to name only the defendants who were directly responsible for his alleged constitutional violations. The Court also advised plaintiff that the amended complaint would replace the original complaint. In response, plaintiff has filed an amended complaint, naming only the following defendants: Officer Conrad (Correctional Officer ("CO"), PCC); Sergeant Morgan (Sergeant, PCC); Officer S. Smith (CO, PCC); Officer K. Crippen (CO, PCC); Officer Pierce (CO, PCC); and Officer Jones (CO, PCC). He sues all defendants solely in their individual capacities.

## The Amended Complaint

<u>Sergeant Morgan</u>

Plaintiff alleges ongoing sexual harassment by Sergeant Morgan, starting on May 13, 2020. Plaintiff states Morgan harassed him by repeatedly referring to him as "baby girl." *Id.* at 6. Plaintiff states he was sexually molested as a child by an individual who called him "baby girl." Plaintiff

states that once while asleep and on suicide watch, Morgan awoke him asking, "Is his baby girl OK?" *Id.* Plaintiff states he filed a Prison Rape Elimination Act ("PREA") report against Morgan but nothing was done. Morgan continued to subject plaintiff to "such verbal-sexual abuse and harassment," which plaintiff alleges caused him emotional and psychological trauma. *Id.* at 7.

### May 1, 2020

In his amended complaint, plaintiff states that he was refused his dinner tray on May 1, 2020. "Plaintiff had a use of force after trays were sent back to be cleaned and mail was passed out." *Id.* at 8. Plaintiff does not identify which, if any, of defendants were responsible for this use of force. Nor does he identify any injuries arising out of this use of force.

### Officer Conrad

Plaintiff describes two separate events that occurred on May 14, 2020. In the first incident, plaintiff states that he was handcuffed and returning to his cell from suicide watch when Defendant Conrad asked him, "Where is your property?" *Id.* at 7. When plaintiff asked Conrad to retrieve his second bag of property, Conrad thew plaintiff into a wall, injuring his right eyebrow, nose, and breaking his reading glasses. *Id.* at 7-8. As a result of this use of force, plaintiff states he required butterfly stitches to his right eyebrow. *Id.* The right side of his face was bruised and swollen, he suffered scratching and bruising on his body, and he was diagnosed with a mild concussion. *Id.* at 8.

### Officer Pierce

Upon plaintiff's return to his cell on May 14, 2020, after receiving medical care, plaintiff alleges a second incident occurred. *Id.* at 9. Plaintiff states that he told an unnamed trainee that he was suicidal. Defendant Pierce told the trainee that plaintiff was not serious and to move on. *Id.* at

9. Later, plaintiff was found hanging in his cell and defendants were required to use force to cut him down. Then plaintiff was placed on full suicide watch. *Id.*

<u>Officers Jones and Smith</u>

Finally, plaintiff states that in mid-November 2020, while he was handcuffed behind his back and being escorted from the showers to his cell, defendants Jones and Smith told plaintiff to stop and stand still. *Id.* at 9. Jones and Smith then, without provocation, "excessively slammed plaintiff to the concrete floor at which time defendant Jones began punching plaintiff in the back and the back of his head with his closed fists." *Id.* Plaintiff states he suffered physical pain and injuries to his head, face, back, arms, and wrists caused by Jones and Smith. *Id.* at 10.

For relief, plaintiff seeks $10,000 against each defendant for compensatory damages and an additional $10,000 against each defendant for punitive damages.

**Discussion**

Plaintiff's claims against Sergeant Morgan for mental trauma and emotional distress are subject to dismissal on initial review under 28 U.S.C. § 1915(e)(2). The Prison Litigation Reform Act ("PLRA") mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018). "[T]o recover more than nominal damages under the statute, a prisoner must allege or prove more than mental or emotional injury. We interpret the PLRA to require more than a de minimis physical injury." *McAdoo*, 899 F.3d at 525; *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).

Plaintiff has alleged no physical injury arising out of his allegations against Sergeant Morgan, and therefore he cannot maintain a federal civil action under the PLRA. Because plaintiff cannot bring a federal civil action under the PLRA alleging only mental trauma suffered while in custody, the Court will dismiss plaintiff's claims brought against Sergeant Morgan for failure to state a claim upon which relief can be granted.

Similarly, plaintiff's allegations arising out of the events of May 1, 2020, are subject to dismissal. Plaintiff has not identified any defendant responsible for the alleged use of force on May 1, 2020. He states merely that "Plaintiff had a use of force after trays were sent back to be cleaned and mail was passed out." Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Because plaintiff has not alleged any defendant was responsible for the use of force against him on May 1, 2020, these allegations will be dismissed on initial review.

Next plaintiff alleges defendant Officer Pierce ignored plaintiff's threats of suicide and instructed a trainee to ignore such threats. If an official completely disregards an act that alerts the official to a suicide risk, such an act may well constitute deliberate indifference. *See Gregoire v. Class*, 236 F.3d 413, 418 (8th Cir. 2000) (finding action of prison official, who completely disregarded a telephone call alerting official that inmate was suicidal, "may well constitute deliberate indifference"). In evaluating Pierce's response to plaintiff's threat of suicide, the Court will need to determine how serious Pierce knew the threat to be. *Id.* For purposes of initial review, however, the Court must view all facts in the light most favorable to plaintiff. Based on the allegations in plaintiff's amended complaint, the Court will issue process on defendant Pierce.

Finally, as to the use of force by defendants Conrad, Jones, and Smith, plaintiff alleges these three defendants assaulted him without provocation. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson*

*v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). After carefully reviewing and liberally construing the amended complaint, the Court concludes that plaintiff has stated a plausible claim of excessive use of force against defendants Conrad, Jones, and Smith in their individual capacities under 42 U.S.C. § 1983. For this reason, the Court will order the Clerk to issue process on these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Officers Pierce, Conrad, S. Smith, and Jones in their individual capacities.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims against defendants Sergeant Morgan and Officer K. Crippen are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall modify the short caption of this case to be *Comparato v. Jones, et al.*

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 25th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE