# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAULTYN JAMES COMPARATO, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:21-cv-00448-MTS |
| SEAN SMITH, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Daultyn James Comparato's Motion for Leave to Proceed in Forma Pauperis on Appeal, Doc. [39], in which Plaintiff seeks to proceed in forma pauperis on his appeal of this Court's dismissal without prejudice of Defendant Jones from this action pursuant to Federal Rule of Civil Procedure 4(m). The Court previously granted Plaintiff's Motion to proceed in this Court without prepaying fees or costs. *See* Doc. [6]. When a party has been permitted to proceed in forma pauperis in a district court action, that party may "proceed on appeal in forma pauperis without further authorization" unless the district court "certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A); *accord* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Here, the Court concludes Plaintiff's appeal of the dismissal of Defendant Jones is frivolous and not taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that "good faith" in this context must be judged by an objective standard and concluding a defendant's good faith is "demonstrated when he seeks appellate review of any issue not frivolous"); *see also, e.g.*, *Medley v. McClindon*, 1:06-cv-160-CDP, 2007 WL 1342226, at *1 (E.D. Mo. May 3, 2007) (noting that the court "must deny" any

motion to proceed on appeal in forma pauperis in the case because "any appeal [would be] frivolous and not taken in good faith").

This appeal is frivolous for at least two reasons. *First*, the Court properly dismissed Defendant Jones in compliance with Rule 4(m)'s mandate, well after ninety days had passed without service of Defendant Jones and after providing notice to Plaintiff. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added)); Doc. [27] (ordering Plaintiff to show cause why Defendant Jones should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m)). *Second*, even if this Court were to have erred in dismissing Defendant Jones without prejudice, the dismissal of this single Defendant without prejudice is not an issue that can be appealed at this stage. *See* 28 U.S.C. § 1291 (providing that the "courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States" (emphasis added)); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Hardy v. Booker*, 677 F. App'x 136, 137 (4th Cir. 2017) (per curiam) (finding dismissal of entire complaint without prejudice after plaintiff's failed to serve the defendants under Rule 4(m) was "neither a final order nor an appealable interlocutory or collateral order" because it was done without prejudice).

Accordingly,

- 3 -

**IT IS HEREBY CERTIFIED** that Plaintiff's appeal of this Court's Order of Dismissal dismissing Defendant Jones from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m), Doc. [29], is not taken in good faith.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis on Appeal, Doc. [39], is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to notify the Court of Appeals of this Memorandum and Order pursuant to Federal Rule of Appellate Procedure 24(a)(4).

Dated this 29th day of December 2022.

                                                                                               MATTHEW T. SCHELP
                                                                                               UNITED STATES DISTRICT JUDGE