# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAULTYN JAMES COMPARATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00448-MTS |
| ) | |
| SEAN SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO SEPARATE THE TRIAL INTO PHASES, TRYING THE ISSUE OF ADMINISTRATIVE EXHAUSTION TO BENCH BEFORE JURY TRIAL; SUGGESTIONS IN SUPPORT

Defendants move the Court to bifurcate trial in this matter into two phases. Phase 1 would be a bench trial on the issue of administrative exhaustion, which is a prerequisite for Phase 2, and potentially dispositive of the case. Phase 2 would be a jury trial on all claims that had been administratively exhausted.

1.  **The Parties agree that administrative exhaustion is an issue for the judge and not jury**. (Plaintiff's Motions *in Limine*, Dkt. 132, at Part VIII) ("[E]xhaustion of administrative remedies is a question of law to be determined by a judge.") (Defendants Objections to Plaintiff's Motions *in Limine*, Dkt. 145, at Part VIII) ("Defendants agree [and] seek to bifurcate trial on exhaustion [to be decided] outside the view of the jury.) Plaintiff cites *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001), as well as a number of other cases outside this circuit for the proposition that the law thoroughly establishes that administrative exhaustion is a question for the judge and not the jury.

1

2. **Defendants pled administrative exhaustion as their fourth affirmative defense.** (See Defendants' Answers to the Second Amended Complaint, Dkt 82-1 and 87.) The issue is ripe for disposition on the merits, which should be done by bench trial. It is efficient for it to be heard first because failure to exhaust is dispositive of the non-exhausted claims. *See Abdul-Muhammad v. Kempker*, 486 F.3d 444, 446 (8th Cir. 2007) ("If an inmate fails to exhaust one or more discrete claims raised in a § 1983 complaint, the [Prison Litigation Reform Act requires] the unexhausted claim or claims be dismissed") *citing Jones v. Bock*, 549 U.S. 199, 221 (2007) ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."). *Jones v. Bock* also confirms that "no unexhausted claim may be considered." 549 U.S. at 220.

3. **Under Federal Rule of Civil Procedure 42(b), the Court has broad discretion to bifurcate trial on distinct issues within a single case**. Fed. R. Civ. P 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ."). In other words, the rule allows a court to divide a lawsuit into phases. Because the issue of non-exhaustion may be dispositive of one or more claims, it is efficient and convenient to hear it first. Because the issue of administrative exhaustion is not for the jury to decide, combining the issues may confuse the jury or cause prejudice to one or more of the parties. And the Court is well within its power to manage the trial in this manner.

WHEREFORE, the Defendants respectfully request the Court to separate the trials into phases, trying the issue of administrative exhaustion to bench before commencing the jury trial on the remaining issues.

May 29, 2025                                          Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Alicia I. Dearn*
Alicia I. Dearn, Mo. Bar #64623
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Alicia.Dearn@ago.mo.gov

*Attorneys for Defendants*